☒ FILED    ☐ LODGED

# July 13 2020

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

DANIEL ALEXANDER RODRIGUEZ #242516
Name and Prisoner/Booking Number

A.S.P.C-EYMAN, RUNNING UNIT
Place of Confinement

CELL #5-C-101, P.O.BOX 3100
Mailing Address

FLORENCE, ARIZONA 85132
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

DANIEL ALEXANDER RODRIGUEZ,
(Full Name of Plaintiff), ADDITIONAL PLAINTIFFS
LISTED ON ATTACHED
PAGE 1 AND 2-A, ON BEHALF OF THEMSELVES
AND ALL OTHERS SIMILARLY SITUATED;
Plaintiff**S**,

v.

(1) DAVID SHINN (INDIVIDUAL AND OFFICIAL CAPACITY),
(Full Name of Defendant)

(2) WENDY ECCLES (INDIVIDUAL AND OFFICIAL CAPACITY),

(3) CENTURION HEALTHCARE (INDIVIDUAL AND OFFICIAL CAPACITY),

(4) WENDY ORM (INDIVIDUAL AND OFFICIAL CAPACITY),
Defendant(s).

☑ Check if there are additional Defendants and attach page **3**-A listing them.

CASE NO. CV-20-01397-PHX-JJT-MHB
(To be supplied by the Clerk)

CLASS ACTION
CIVIL RIGHTS COMPLAINT
BY A PRISONER
"JURY TRIAL DEMANDED"

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____
   AT ALL ARIZONA STATE PRISON COMPLEXES TO INCLUDE

2. Institution/city where violation occurred: A.S.P.C - EYMAN, RUNNING UNIT WHERE ALL NAMED PLAINTIFFS ARE HOUSED.

Revised 3/11/16

1

**550/555**

1  • <u>PLAINTIFF SECTION CONTINUED</u>

2

3  • NAMED PLAINTIFF #2: MICHAEL ROSS    #152110

4

5  • NAMED PLAINTIFF #3: MARK FORISTER    #301007

6

7  • NAMED PLAINTIFF #4: DAVID MADA    #041922

8

9  • NAMED PLAINTIFF #5: ALVARO FELIX    #265745

10

11 • NAMED PLAINTIFF #6: HOWARD COCHRAN    #236701

12

13 • NAMED PLAINTIFF #7: GARRICK SOLOMON    #180023

14

15 • NAMED PLAINTIFF #8: ERNEST WALKER    #051941

16

17 • NAMED PLAINTIFF #9: RASHAUN DAWKINS    #113242

18

19 • NAMED PLAINTIFF #10: ANGTHONY PRETTO    #261494

20

21 • NAMED PLAINTIFF #11: KENNETH MOORE    #174373

22

23 • NAMED PLAINTIFF #12: MATTHEW NELSON    #216005

24

25

26

27

28

1-A

1  • PLAINTIFF SECTION CONTINUED

2

3  • NAMED PLAINTIFF #13: BRYAN LECATES   #191769

4

5  • NAMED PLAINTIFF #14: JOSEPH WOODARD   #250427

6

7  • NAMED PLAINTIFF #15: FREDDIE WILLIAMS   #325715

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2-A

1 | • DEFENDANT SECTION CONTINUED

2 |

3 | • NAMED DEFENDANT #5: A. WRIGHT (INDIVIDUAL CAPACITY)

4 |

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

3-A

## B. DEFENDANTS

1. Name of first Defendant: DAVID SHINN                . The first Defendant is employed
as: DIRECTOR OF THE ARIZONA DEPARTMENT OF             LOCATED AT A.D.C.R.R'S CENTRAL
CORRECTIONS, REHABILITATION AND REENTRY;              OFFICE IN PHOENIX, ARIZONA
      (Position and Title)                                   (Institution)

2. Name of second Defendant: WENDY ECCLES             . The second Defendant is employed as:
as: THE DEPUTY WARDEN OF ARIZONA STATE PRISON   COMPLEX-EYMAN, RUNNING UNIT.
      (Position and Title)                                   (Institution)

3. Name of third Defendant: CENTURION HEALTHCARE   The third Defendant is employed
as: PRIVATE HEALTHCARE PROVIDER FOR THE ARIZONA DEPARTMENT OF CORRECTIONS,
                              REHABILITATION AND REENTRY
      (Position and Title)                                   (Institution)

4. Name of fourth Defendant: WENDY ORM               . The fourth Defendant is employed
as: CENTURION HEALTHCARE'S STATEWIDE MEDICAL    LOCATION AT THIS TIME UNKNOWN
      DIRECTOR
      (Position and Title)                                   (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☑ Yes    ☐ No

2. If yes, how many lawsuits have you filed? 4 .    Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: DANIEL A. RODRIGUEZ    v. DON'T REMEMBER
      2. Court and case number: DON'T REMEMBER
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) I DON'T
      REMEMBER; HOWEVER, I THINK IT WAS DISMISSED.

   b. Second prior lawsuit:
      1. Parties: DANIEL A. RODRIGUEZ    v. STACI IBARRA, ET. AL.,
      2. Court and case number: U.S. DISTRICT COURT FOR THE DISTRICT OF ARIZONA
              CASE NO. CV17-00224-PHX-JJT-MHB
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) THE CASE
      IS SCHEDULED FOR JURY TRIAL AROUND SEPTEMBER, 2020.

   c. Third prior lawsuit:
      1. Parties: DANIEL A. RODRIGUEZ    v. STEPHEN MORRIS, ET. AL.,
      2. Court and case number: U.S. DISTRICT COURT FOR THE DISTRICT OF ARIZONA
              CASE NO. CV19-05645-PHX-JJT-MHB
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) THE CASE IS
      AWAITING JUDGMENT.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

1 • SECTION B. DEFENDANTS CONTINUED

2

3 5. NAME OF THE FIFTH DEFENDANT: A. WRIGHT.

4    THE FIFTH DEFENDANT IS EMPLOYED AS A

5 REGISTERED NURSE FOR CENTURION HEALTHCARE

6 AT ARIZONA STATE PRISON COMPLEX - EYMAN, RUNNING

7 UNIT.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                    2-B

1  • PREVIOUS LAWSUITS SECTION CONTINUED

2

3  d. FOURTH PRIOR LAWSUIT:

4  1. PARTIES: DANIEL A. RODRIGUEZ V. STEPHEN MORRIS, ET. AL.,

5  2. COURT AND CASE NUMBER: U.S. DISTRICT COURT FOR THE

6  DISTRICT OF ARIZONA CASE No. CV 19 - 04957-PHX-JJT-

7  MHB.

8  3. RESULT: (WAS THE CASE DISMISSED? WAS IT APPEALED?

9  IS IT STILL PENDING?) THE CASE IS ▓▓ AWAITING

10  JUDGMENT.

11

12  LASTLY, THE OTHER FOURTEEN NAMED PLAINTIFFS

13  HAVE STATED THEY HAVE NOT FILED ANY LAWSUITS WHILE

14  THEY WERE PRISONERS THAT THEY CAN REMEMBER.

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        3-B

## D.  CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: THE 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

2. **Count I.** Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: FAILURE TO PROTECT

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

   AN AIRBORNE PATHOGENIC DISEASE KNOWN AS THE INVISIBLE ENEMY TO SOME BUT MORE FORMALLY TERMED AS THE CORONAVIRUS DISEASE 2019 (HEREINAFTER, COVID-19) HAS BEEN ON A TYRANNICAL RAMPAGE AGAINST HUMAN-BEINGS WORLDWIDE LEAVING IN IT'S WAKE A DEATHTOLL OF OVER A HUNDRED THOUSAND AS OF THE DATE THIS COMPLAINT WAS FILED WITH THIS COURT WITH THE UNITED STATES SPECIFICALLY REPORTING OVER 60,000 DEATHS.

   THE FIRST REPORTED CASE OF COVID-19 TO TOUCH THE GREAT SHORES OF OUR UNITED STATES OF AMERICA HAPPEND ON OR AROUND JANUARY 21, 2020 ACCORDING TO THE DIVISION OF THE FEDERAL DEPARTMENT OF HEALTH AND HUMAN SERVICES SPECIFICALLY KNOWN AS THE CENTERS FOR DISEASE CONTROL AND PREVENTION. SINCE SAID DATE WE HAVE SEEN GOVERNER AFTER GOVERNER STATE BY STATE ATTEMPT TO TAKE APPROPRIATE MEASURES IN ACCORDANCE WITH THE FEDERAL EXAMPLE ESTABLISHED VIA THE C.D.C AMONG OTHER AGENCIES TO COMBAT THIS VIRUS (CONTINUED ON PAGES 3-C THROUGH 13-C).

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

   SPECIFIC TO NAMED PLAINTIFF #1 DANIEL ALEXANDER RODRIGUEZ BY THE ACTIONS AND/OR INACTIONS OF DEFENDANTS DAVID SHINN AND WENDY ECCLES EXPLAINED BY ABOVE SUPPORTING FACTS (CONTINUED ON PAGES 3-D TO 8-D)

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I?  ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?  ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

3

1 • SUPPORTING FACTS OF COUNT I CONTINUED

2

3 AND PROTECT THE CITIZENS OF EACH STATE.

4

5       SPECIFIC TO THE STATE OF ARIZONA GOVERNER

6 DOUG DUCEY HAS DILIGENTLY PURSUED FEDERAL AID

7 TO ADEQUATELY RESPOND TO THIS COVID-19 PANDEMIC

8 EVEN GOING TO THE EXTENT OF MAKING AN EMERGENCY

9 DISASTER DECLARATION TO THE FEDERAL GOVERNMENT

10 WHICH WAS APPROVED ALLOWING THE STATE TO GET

11 MORE MONETARY RESOURCES IN ADDITION TO THE

12 RESOURCES THAT HAD ALREADY BEEN GIVEN TO THE

13 STATE OF ARIZONA VIA THE CARES ACT.

14

15       HOWEVER, MR. DUCEY'S EXECUTIVE AGENCY SUBORDINATE

16 DAVID SHINN DIRECTOR OF THE ARIZONA DEPARTMENT

17 OF CORRECTIONS, REHABILITATION AND REENTRY

18 (HEREINAFTER, A.D.C.R.R) HAS KNOWINGLY AND WILLFULLY

19 CHOSEN TO NOT FOLLOW MR. DUCEY'S DILIGENT EXAMPLE

20 BY ████████ FAILING TO PROTECT THE NAMED PLAINTIFFS

21 AND THE OVER 40,000 OTHER PRISONERS SIMILARLY

22 SITUATED IN MR. SHINN'S CUSTODY AND CONTROL

23 OF A.D.C.R.R.

24

25

26

27

28                    3-C

1  • SUPPORTING FACTS OF COUNT I CONTINUED

2

3     DEFENDANT DAVID SHINN SPECIFICALLY HAS KNOWN

4  ABOUT CONFIRMED CASES OF COVID-19 SUFFERED BY

5  CITIZENS IN THE STATE OF ARIZONA SINCE JANUARY OF

6  THE YEAR 2020 AND SINCE THAT KNOWLEDGE OF SAID

7  AIRBORNE DISEASE TO THE DATE THIS COMPLAINT WAS

8  FILED MR. SHINN HAS ABSOLUTELY FAILED TO TAKE ANY

9  REASONABLE OR AFFIRMATIVE ACTION TO PROTECT THE

10 NAMED PLAINTIFFS AND THE OVER 40,000 OTHER PRISONERS

11 SIMILARLY SITUATED IN MR. SHINN'S CUSTODY AND CONTROL

12 OF A.D.C.R.R AND AT TIMES SUBJECTING SAID PLAINTIFFS

13 AND OTHER PRISONERS SIMILARLY SITUATED TO MORE OF A

14 RISK OF CONTRACTING COVID-19.

15

16     FOR INSTANCE, IN REGARDS TO MR. SHINN'S SAID

17 SUBJECTION OF MORE RISK, BETWEEN FEBRUARY 1,

18 2020 TO APRIL 3, 2020 DURING WHICH TIME CASES

19 OF COVID-19 IN ARIZONA SPIKED FROM OVER 200 TO

20 OVER 1,000 CONFIRMED CASES MR. SHINN PUBLICLY

21 STATED HE WAS BANNING ALL A.D.C.R.R EMPLOYEES

22 FROM WEARING ANY TYPE OF FACE COVERING OR

23 MASK.

24

25

26

27

28                    4-C

1  • SUPPORTING FACTS OF COUNT I CONTINUED

3     SAID BAN ON ANY TYPE OF FACE COVERING OR MASK
4  KNOWINGLY BY MR. SHINN IN THE MIDDLE OF THE COVID-19
5  PANDEMIC SUBJECTED THE NAMED PLAINTIFFS AND THE
6  OVER 40,000 PRISONERS SIMILARLY SITUATED TO
7  SIGNIFICANTLY MORE RISK OF CONTRACTING COVID-19
8  ESPECIALLY SINCE GOVERNER OF ARIZONA DOUG DUCEY
9  DID NOT ENACT A STAY AT HOME ORDER FOR ARIZONA
10 CITIZENS UNTIL MARCH 31, 2020 AND SAID CITIZENS
11 INCLUDES MOST IMPORTANTLY ALL A.D.C.R.R EMPLOYEES.

13     SO, ALL A.D.C.R.R EMPLOYEES WERE FOR 58 DAYS
14 GOING ON ABOUT THEIR NORMAL LIVES IN SOCIETY
15 AMID THE COVID-19 PANDEMIC AND THEN WHEN IT WAS
16 TIME TO SHOW UP FOR WORK AT A.D-C.R.R THEY WERE
17 MET WITH MR. SHINN'S BAN ON ANY TYPE OF FACE
18 COVERING OR ▬▬ MASK.

20     IN ADDITION TO THE OVER 58 DAYS OF HIGHTENED
21 RISK MENTIONED ABOVE DEFENDANT SHINN WITH
22 HIS KNOWLEDGE OF COVID-19 SINCE JANUARY OF THE
23 YEAR 2020 WILLFULLY STATED PUBLICLY THROUGH PRESS
24 RELEASES ON MARCH 13, 18, 20, 23, 25 AND APRIL 1, 3 AND

28                    5-C

1 • SUPPORTING FACTS OF COUNT I CONTINUED

2

3 7TH TOUTING HOW HE IS ATTEMPTING TO CONTROL

4 THE INTRODUCTION AND/OR SPREAD OF COVID-19 WITHIN

5 A.D.C.R.R; HOWEVER, SAID ATTEMPTS TO CONTROL ARE

6 IN REALITY ONLY INADEQUATE RECOMMENDATIONS

7 OF THINGS TO BE DONE BY HIS SUBORDINATE EMPLOYEES

8 NOT AN OFFICIAL ORDER, POLICY OR REGULATION ORDERING

9 HIS EMPLOYEES TO DO OR NOT DO CERTAIN THINGS

10 TO PROTECT THE NAMED PLAINTIFFS AND OVER 40,000

11 OTHER PRISONERS SIMILARLY SITUATED SUFFERING

12 A SERIOUS RISK TO OUR HEALTH, COVID-19.

13

14    FOR EXAMPLE, DEFENDANT DAVID SHINN HAS NOT

15 CREATED A COVID-19 A.D.C.R.R AUDITING TASK

16 FORCE TO ENSURE SAID INADEQUATE RECOMMENDATIONS

17 ARE BEING APPLIED OR FOLLOWED; � MR. SHINN HAS

18 NOT CREATED OR ENACTED A DEPARTMENT ORDER OR

19 DIRECTOR'S INSTRUCTION WHICH WOULD ESSENTIALLY

20 HAVE THE FORCE OF LAW ORDERING HIS SUBORDINATE

21 EMPLOYEES NOT RECOMMENDING THEM TO IMPLEMENT

22 ADEQUATE PROTECTIVE MEASURES REGARDING COVID-

23 19 AND HE HAS NOT UPDATED EXISTING A.D.C.R.R INFECTIOUS

24 ▬ DISEASE POLICIES WHICH ARE CURRENTLY WOEFULLY

25

26

27

28                G-C

1    • SUPPORTING FACTS OF COUNT I CONTINUED

2

3    INADEQUATE TO PREVENT AND MANAGE THE AIRBORNE

4    PATHOGENIC DISEASE, COVID-19 IN ALL ARIZONA

5    PRISONS; ALL OF WHICH IS IN MR. SHINN'S

6    AUTHORITY AND AREA OF RESPONSIBILITY TO DO

7    BUT HE HAS WILLFULLY AND KNOWINGLY NOT DONE.

8

9        MR. SHINN'S FAILURE TO ACT AS STATED ABOVE

10   IS A KNOWING AND WILLING UTTER DISREGARD

11   AND SUBJECTION OF THE NAMED PLAINTIFFS AND

12   OVER 40,000 OTHER PRISONERS SIMILARLY

13   SITUATED TO A SERIOUS RISK TO OUR PHYSICAL

14   HEALTH (COVID-19) WITHOUT PROPER AND ADEQUATE

15   PROTECTION.

16

17       IN FOCUSING ON DEFENDANT WENDY ECCLES, A SUBORDINATE

18   EMPLOYEE OF DEFENDANT DAVID SHINN AND DEPUTY WARDEN

19   OF A.D.C.R.R'S EYMAN COMPLEX, RYNNING UNIT MS. ECCLES

20   HAS DISCRETIONARY AUTHORITY OVER ALL OPERATIONS OF

21   A.D.C.R.R. EYMAN, RYNNING UNIT INCLUDING THE

22   AUTHORITY TO ORDER HER SUBORDINATE EMPLOYEES TO

23   DO OR NOT DO CERTAIN PROTECTIVE THINGS REGARDING

24   COVID-19; HOWEVER, MS. ECCLES HAS ABSOLUTELY FAILED

25

26

27

28                        7-C

# • SUPPORTING FACTS OF COUNT I CONTINUED

3 TO TAKE ANY REASONABLE OR AFFIRMATIVE ACTION TO
4 PROTECT THE NAMED PLAINTIFFS AND THE OVER 800
5 SIMILARLY SITUATED PRISONERS WITHIN HER
6 CUSTODY AND CONTROL AT SAID UNIT AND HAS ALSO
7 SUBJECTED THEM TO HAZARDOUS LIVING CONDITIONS.

9      IT IS CRITICAL TO MENTION JUST BRIEFLY
10 THAT HAD DEFENDANT SHINN NOT MADE INADEQUATE
11 RECOMMENDATIONS BUT ORDERED HIS SUBORDINATES
12 TO IMPLEMENT ADEQUATE COVID-19 PROTECTIVE
13 MEASURES TO INCLUDE DEFENDANT W. ECCLES AND
14 HER DISCRETIONARY AUTHORITY IN REGARDS TO DAY
15 TO DAY OPERATIONS OF A.D.C.R.R's EYMAN, RYNNING
16 UNIT SAID AUTHORITY WOULD HAVE BEEN CONSTRAINED
17 AND LIMITED TO HIS ORDER.

19      HOWEVER, SAID AUTHORITY BEING ALLOWED TO
20 GO UNCHECKED HAS IN PART CAUSED DEFENDANT W. ECCLES
21 FAILURE TO PROTECT THE NAMED PLAINTIFFS AND THE
22 OVER 800 SIMILARLY SITUATED PRISONERS AT A.D.C.R.R's
23 EYMAN, RYNNING UNIT AND HAS ALLOWED FOR THEM TO
24 ALSO BE SUBJECTED TO A HAZARDOUS LIVING CONDITION.

8-C

1    • SUPPORTING FACTS OF COUNT I CONTINUED

2

3    NAMED PLAINTIFFS NUMBERS ONE, THREE, FOUR AND FIVE ████████

4    HAVE BEEN HOUSED AT A.D.C.R.R EYMAN, RYNNING

5    UNIT FOR OVER A YEAR AND THEY CAN AND DO ATTEST

6    TO OBSERVING A CUSTOM APPLIED BY DEFENDANT

7    W. ECCLES AND FORCED UPON HER SUBORDINATE

8    EMPLOYEES AT SAID UNIT AS THE MODUS OPERANDI

9    REGARDING A.D.C.R.R EYMAN, RYNNING UNIT

10   OPERATIONS.

11

12   AFORESAID CUSTOM STANDS AS:

13   ANYTHING ████ REGARDING OPERATIONS THAT COSTS MONEY

14   AT THIS UNIT TO INCLUDE BUT NOT LIMITED TO HYGIENE

15   FOR PRISONERS, CHEMICALS FOR PROPER CLEANING AND/OR

16   SANITATION OF HOUSING ████, DINING, MEDICAL AS

17   WELL AS OTHER AREAS, ADEQUATE STAFFING FOR PRISONER ████

18   PROGRAMMING OR STAFF TRAINING AT ALL MUST COST

19   THE CHEAPEST PRICE POSSIBLE IN ORDER FOR W. ECCLES

20   TO SHOW A.D.C.R.R's CENTRAL OFFICE THAT SHE IS ABLE

21   TO RUN A "COST EFFICIENT UNIT" WHICH IS GENERALLY

22   USED BY A.D.C.R.R IN DETERMING W. ECCLES

23   PROMOTION IN RANK SHOULD SHE CHOOSE TO SEEK IT.

24

25

26

27
28                           9-C

1  • SUPPORTING FACTS OF COUNT I CONTINUED

2

3     THE CUSTOM MENTIONED ABOVE HAS THE FORCE

4  OF LAW THAT IF W. ECCLES' SUBORDINATE EMPLOYEES

5  DO NOT FOLLOW THEY RISK BEING SUBJECTED TO

6  EMPLOYEE DISCIPLINE WHICH ENTAILS LOSS OF HOURLY

7  WAGES OR IN SOME INSTANCES TERMINATION OF

8  EMPLOYMENT.

9

10    DEFENDANT W. ECCLES HAS KNOWN ABOUT CONFIRMED

11 CASES OF COVID-19 AFFECTING CITIZENS IN THE STATE OF

12 ARIZONA SINCE JANUARY, 2020 AND SINCE KNOWLEDGE

13 OF THIS AIRBORNE DISEASE TO THE DATE THIS COMPLAINT

14 WAS FILED HAS WILLFULLY USED HER DISCRETIONARY

15 AUTHORITY AT A.D.C. R.B EYMAN, RYNNING UNIT

16 BY ENFORCING AND FORCING HER SUBORDINATE EMPLOYEES

17 TO USE AFORESAID CUSTOM IN INADEQUATELY RESPONDING

18 TO COVID-19 AT SAID UNIT WHICH HAS ███████ FAILED TO PROTECT THE

19 NAMED PLAINTIFFS AND THE OVER 800 SIMILARLY

20 SITUATED PRISONERS AT THAT UNIT AND HAS SUBJECTED

21 THEM TO A HAZARDOUS LIVING CONDITION.

22

23    MS. ECCLES CUSTOM HAS ENSURED THAT THE NAMED

24 PLAINTIFFS AND OVER 800 SIMILARLY SITUATED

25

26

27

28                          10-C

1 • SUPPORTING FACTS OF COUNT I CONTINUED

2

3 PRISONERS AT A.D.C.R.R EYMAN RYNNING UNIT ARE

4 NOT RECEIVING ADEQUATE CHEMICALS TO SANITIZE

5 AND PROTECT AGAINST COVID-19 TO INCLUDE BUT NOT

6 LIMITED TO HOUSING, RECREATION, DINTING AND MEDICAL

7 AREAS AMONG OTHER AREAS. IN FACT, INADEQUATE

8 CHEMICALS WHICH ARE NOW DISTRIBUTED ONLY TO

9 PRISONER WORKERS TO "CLEAN" SAID AREAS IS THE

10 CHEAPEST OPTION, INEFFECTIVE AGAINST COVID-19

11 AND WORST OF ALL IT IS A FATAL HAZARD TO

12 HUMANS.

13

14    SAID INADEQUATE CHEMICAL WHICH HAS AT THE

15 DIRECTION OF W. ECCLES BEEN PLACED INTO PRESSURIZED

16 HAND PUMP SPRAYERS GIVEN TO PRISONER WORKERS

17 WHO ARE ESCORTED ███ THREE TIMES A DAY ███ TO SPRAY ALL AREAS

18 MENTIONED ABOVE TO INCLUDE ALL SURFACES WITHIN

19 THOSE AREAS FOR OVER 4 MONTHS IS KNOWN BY

20 WAXIE ENTERPRISES INC., LOCATED AT 9353

21 WAXIE WAY, SAN DIEGO, CA 92123 AS THEIR PRODUCT

22 THE " 764 LEMON QUAT DISINFECTANT CLEANER."

23

24

25

26

27

28                          11-C

1 | • SUPPORTING FACTS OF COUNT I CONTINUED

3   AS A PRECAUTIONARY STATEMENT THE 764 LEMON
4 QUAT DISINFECTANT CLEANER'S LABEL WHICH W. ECCLES
5 KNOWINGLY HAD PLACED ~~[redacted]~~ ONTO ALL HANDPUMP SPRAYERS MENTIONED
6 ABOVE ADVISES USERS THAT THE PRODUCT IS A "... HAZARD TO
7 HUMANS .... CORROSIVE [AND] CAUSES IRREVERSIBLE EYE
8 DAMAGE AND SKIN BURNS. DO NOT GET IN EYES, ON SKIN OR
9 ON CLOTHING. MAY BE FATAL IF ABSORBED THROUGH THE
10 SKIN. HARMFUL IF SWALLOWED. WEAR GOGGLES OR FACE
11 SHIELD, RUBBER GLOVES, AND PROTECTIVE CLOTHING.
12 REMOVE CONTAMINATED CLOTHING AND WASH BEFORE
13 RE USE. WASH THOUROUGHLY WITH SOAP AND WATER AFTER
14 HANDLING AND BEFORE EATING, DRINKING, OR USING
15 TABACCO..."

17   DEFENDANT W. ECCLES HAD TO RESPOND TO COVID-19
18 BUT IN ABOVE EXAMPLE SHE CHOSE THE CHEAPEST
19 OPTION WHICH NOT ONLY TURNS OUT TO BE FATAL TO
20 HUMANS IT IS INEFFECTIVE AGAINST COVID-19.

22   LASTLY, AS A BRIEF FURTHER EXAMPLE OF MS.
23 ECCLES CUSTOM AND IT'S RELATION AND/OR CAUSE OF
24 HER FAILURE TO PROTECT THE CUSTOM ALSO PREVENTS

28                     12-C

1 • SUPPORTING FACTS OF COUNT I CONTINUED

2

3 PRISONERS FROM BEING FED IN THEIR HOUSING

4 AREAS BECAUSE STYROFOAM TRAYS ARE NOT IN

5 ACCORDANCE WITH MS. EQLES CUSTOM EVEN THOUGH

6 BEING FED IN HOUSE WOULD ENSURE SOCIAL

7 DISTANCING OF EMPLOYEES AND PRISONERS TO ENSURE

8 PROPER PROTECTION OF COVID-19.

9

10    MS. EQLES'S FAILURE TO ACT AS STATED ABOVE IS

11 A KNOWING AND WILLING UTTER DISREGARD AND

12 SUBJECTION OF THE NAMED PLAINTIFFS AND THE

13 OVER 800 SIMILARLY SITUATED PRISONERS TO A

14 HAZARDOUS LIVING ENVIRONMENT AND A SERIOUS

15 RISK TO OUR PHYSICAL HEALTH WITHOUT PROPER

16 AND ADEQUATE PROTECTION.

17

18    LASTLY, THERE IS CURRENTLY AN OUTBREAK OF

19 COVID-19 AT A.D.C. R.B EYMAN, RYNNING UNIT AMONG

20 STAFF AND INMATES BECAUSE OF MR. SHINN AND

21 MS. EQLES' FAILURE TO PROTECT AS HIGHLIGHTED

22 ABOVE.

23

24

25

26

27

28                    13-C

1 • INJURY SECTION OF COUNT I CONTINUED

2 HAS SUFFERED AN EXACERBATION OF CURRENT

3 PHYSICAL INJURY OF HYPERTENSION WHICH HAS CAUSED

4 VARIOUS PHYSICAL AILMENTS TO INCLUDE PANIC ATTACKS

5 RESULTING IN SLURRED SPEECH AND ON ONE OCCASION RECENTLY

6 MR. RODRIGUEZ FEARS HE SUFFERED A MINOR STROKE. MR. RODRIGUEZ

7 HAS ALSO SUFFERED AN EXACERBATION OF HIS CURRENT P.T.S.D

8 CAUSING HIM UNMEASURABLE AMOUNTS OF EMOTIONAL DISTRESS.

9 LASTLY, IF A PRELIMINARY INJUNCTION AGAINST DAVID SHINN

10 AND WENDY ECCLES IS NOT ISSUED MR. RODRIGUEZ WILL LIKELY

11 SUFFER IRREPARABLE HARM.

12

13 MR. RODRIGUEZ SEEKS COMPENSATORY, PUNITIVE

14 AND INJUNCTIVE RELIEF AGAINST BOTH DEFENDANTS

15 DAVID SHINN AND WENDY ECCLES TO BE SPECIFIED

16 FURTHER IN RELIEF PORTION OF THIS COMPLAINT.

17

18 SPECIFIC TO NAMED PLAINTIFF #2: MICHAEL

19 ROSS BY THE ACTIONS AND/OR INACTIONS OF

20 DEFENDANTS DAVID SHINN AND WENDY ECCLES

21 EXPLAINED BY ABOVE SUPPORTING FACTS HAS SUFFERED

22 AN EXACERBATION OF CURRENT PHYSICAL INJURY

23 OF HYPERTENSION WHICH HAS CAUSED VARIOUS

24 PHYSICAL AILMENTS AND AN EXACERBATION OF MR.

25

26

27

28

3-D

1 • INJURY SECTION OF COUNT I CONTINUED

2

3    ROSS'S P.T.S.D AND PARANOID SCHIZOPHRENIA

4 CAUSING HIM UNMEASURABLE AMOUNTS OF EMOTIONAL

5 DISTRESS. LASTLY, IF A PRELIMINARY INJUNCTION

6 AGAINST DEFENDANT DAVID SHINN AND WENDY

7 ECCLES IS NOT ISSUED MR. ROSS WILL LIKELY

8 SUFFER IRREPARABLE HARM.

9

10    MR. ROSS SEEKS COMPENSATORY, PUNITIVE

11 AND INJUNCTIVE RELIEF AGAINST BOTH DEFENDANTS

12 DAVID SHINN AND WENDY ECCLES TO BE SPECIFIED

13 FURTHER IN RELIEF PORTION OF THIS COMPLAINT.

14

15    SPECIFIC TO NAMED PLAINTIFF #3: MARK FORISTER

16 BY THE ACTIONS AND/OR INACTIONS OF DEFENDANTS DAVID

17 SHINN AND WENDY ECCLES EXPLAINED BY ABOVE SUPPORTING

18 FACTS HAS SUFFERED AN EXACERBATION OF CURRENT

19 PHYSICAL INJURY OF MULTIPLE SCLEROSIS WHICH

20 HAS CAUSED VARIOUS PHYSICAL AILMENTS AND AN

21 EXACERBATION OF MR. FORISTER'S CURRENT P.T.S.D

22 CAUSING HIM UNMEASURABLE AMOUNTS OF EMOTIONAL

23 DISTRESS.

24

25    LASTLY, IF A PRELIMINARY

26

27

28                4-D

1  • INJURY SECTION OF COUNT I CONTINUED

2      INJUNCTION AGAINST DEFENDANT WENDY ECCLES

3  AND DAVID SHINN IS NOT ISSUED MR. FORISTER WILL

4  LIKELY SUFFER IRREPARABLE HARM.

5

6      MR. FORISTER SEEKS COMPENSATORY, PUNITIVE

7  AND INJUNCTIVE RELIEF AGAINST BOTH DEFENDANTS

8  DAVID SHINN AND WENDY ECCLES TO BE SPECIFIED IN

9  THE RELIEF PORTION OF THIS COMPLAINT.

10

11      SPECIFIC TO NAMED PLAINTIFF #4: DAVID

12 MADA BY THE ACTIONS AND/OR INACTIONS OF DEFENDANTS

13 DAVID SHINN AND WENDY ECCLES EXPLAINED BY ABOVE

14 SUPPORTING FACTS HAS SUFFERED AN EXACERBATION

15 OF CURRENT PHYSICAL INJURY OF HYPERTENSION

16 WHICH HAS CAUSED VARIOUS PHYSICAL AILMENTS

17 AND AN EXACERBATION OF MR. MADA'S CURRENT

18 ANXIETY CAUSING HIM UNMEASURABLE ▓▓▓▓▓ AMOUNTS OF

19 EMOTIONAL DISTRESS.

20

21      LASTLY, IF A PRELIMINARY INJUNCTION IS

22 NOT ISSUED AGAINST DAVID SHINN AND WENDY ECCLES

23 MR. MADA WILL LIKELY SUFFER IRREPARABLE HARM.

24

25

26

27

28                    5-D

1. • INJURY SECTION OF COUNT I CONTINUED

2. MR. MADA SEEKS COMPENSATORY, PUNITIVE AND

3. INJUNCTIVE RELIEF AGAINST BOTH DEFENDANTS

4. DAVID SHINN AND WENDY ECCLES TO BE FURTHER

5. SPECIFIED IN THE RELIEF PORTION OF THIS

6. COMPLAINT.

7.

8. SPECIFIC TO NAMED PLAINTIFF #5: ALVARO

9. FELIX BY THE ACTIONS AND/OR INACTIONS OF

10. DEFENDANTS DAVID SHINN AND WENDY ECCLES

11. EXPLAINED BY ABOVE SUPPORTING FACTS HAS

12. SUFFERED AN EXACERBATION OF CURRENT

13. PHYSICAL INJURY OF ASTHMA WHICH HAS CAUSED

14. VARIOUS PHYSICAL AILMENTS AN AN EXACERBATION

15. OF MR. FELIX'S CURRENT ANXIETY CAUSING HIM

16. UNMEASURABLE ███████ AMOUNTS OF EMOTIONAL DISTRESS.

17.

18. LASTLY, IF A PRELIMINARY INJUNCTION IS

19. NOT ISSUED AGAINST DAVID SHINN AND WENDY

20. ECCLES MR. FELIX WILL LIKELY SUFFER IRREPARABLE

21. HARM.

22.

23. MR. FELIX SEEKS COMPENSATORY, PUNITIVE AND

24. INJUNCTIVE RELIEF AGAINST BOTH DEFENDANTS

25. DAVID SHINN AND WENDY ECCLES TO BE FURTHER

26. SPECIFIED IN RELIEF PORTION OF THIS COMPLAINT.

27.

28.

6-D

1 • INJURY SECTION OF COUNT I CONTINUED

2     SPECIFIC TO NAMED PLAINTIFF #6: HOWARD COCHRAN

3 BY THE ACTIONS AND/OR INACTIONS OF DEFENDANTS

4 DAVID SHINN AND WENDY ECCLES EXPLAINED BY ABOVE

5 SUPPORTING FACTS HAS SUFFERED AN EXACERBATION

6 OF CURRENT PHYSICAL INJURY OF HYPERTENSION

7 WHICH HAS CAUSED VARIOUS PHYSICAL AILMENTS

8 AND AN EXACERBATION OF MR. COCHRAN'S

9 CURRENT S.M.I DIAGNOSIS CAUSING HIM

10 UNMEASURABLE ████████ AMOUNTS OF EMOTIONAL DISTRESS.

11

12     LASTLY, IF A PRELIMINARY INJUNCTION IS

13 NOT ISSUED AGAINST DAVID SHINN AND WENDY

14 ECCLES MR. ████ COCHRAN WILL LIKELY SUFFER

15 IRREPARABLE HARM.

16

17     MR. COCHRAN SEEKS COMPENSATORY, PUNITIVE

18 AND INJUNCTIVE RELIEF AGAINST BOTH DEFENDANTS

19 DAVID SHINN AND WENDY ECCLES TO BE FURTHER

20 SPECIFIED IN RELIEF PORTION OF THIS COMPLAINT.

21

22     SPECIFIC TO NAMED PLAINTIFF #7: GARRICK

23 SOLOMON BY THE ACTIONS AND/OR INACTIONS OF

24 DEFENDANTS DAVID SHINN AND WENDY ECCLES

25

26

27

28                  7-J

1  • INJURY SECTION OF COUNT I CONTINUED
2  EXPLAINED BY ABOVE SUPPORTING FACTS HAS
3  SUFFERED AN EXACERBATION OF VARIOUS CURRENT
4  PHYSICAL INJURIES WHICH HAS CAUSED VARIOUS
5  PHYSICAL AILMENTS AND AN EXACERBATION
6  MR. SOLOMON'S CURRENT P.T.S.D CAUSING HIM
7  UNMEASURABLE ███████ AMOUNTS OF EMOTIONAL DISTRESS.
8
9      LASTLY, IF A PRELIMINARY INJUNCTION
10 IS NOT ISSUED AGAINST DAVID SHINN AND WENDY
11 ECCLES MR. SOLOMON WILL LIKELY SUFFER
12 IRREPARABLE HARM.
13
14     MR. SOLOMON SEEKS COMPENSATORY, PUNITIVE
15 AND INJUNCTIVE RELIEF AGAINST BOTH DEFENDANTS
16 DAVID SHINN AND WENDY ECCLES TO BE FURTHER
17 SPECIFIED IN RELIEF PORTION OF THIS
18 COMPLAINT.
19
20     SPECIFIC TO NAMED PLAINTIFFS' #38
21 THROUGH # 15 HAVE ALL SUFFERED BY THE
22 ACTIONS AND/OR INACTIONS OF DEFENDANTS
23 DAVID SHINN AND WENDY ECCLES EXPLAINED
24 BY ABOVE SUPPORTING FACTS AND ALL SEEK
25
26
27
28                        8-D

1  • INJURY SECTION OF COUNT I CONTINUED
2  PUNITIVE DAMAGES FOR MENTAL OR EMOTIONAL
3  INJURIES SUFFERED BY SAID ACTIONS AND/OR
4  INACTIONS AND INJUNCTIVE RELIEF TO
5  PREVENT IRREPARABLE HARM TO BE FURTHER
6  SPECIFIED IN RELIEF PORTION OF THIS
7  COMPLAINT.
8
9      FURTHERMORE, ALL OTHER PRISONERS
10 SIMILARLY SITUATED AT A.D.C.R.R EYMAN,
11 RYNNING UNIT AND THROUGHOUT A.D.C.R.R
12 SEEK INJUNCTIVE RELIEF AGAINST DAVID
13 SHINN AND WENDY ECCLES TO PREVENT SUFFERING
14 IRREPARABLE HARM FROM THEIR ACTIONS AND/OR
15 INACTIONS EXPLAINED BY ABOVE SUPPORTING
16 FACTS.
17
18
19
20
21
22
23
24
25
26
27
28

9-D

**COUNT II**

1. State the constitutional or other federal civil right that was violated: THE 8TH AMENDMANT OF THE UNITED STATES CONSTITUTION.

2. **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care

☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation

☐ Excessive force by an officer      ☐ Threat to safety      ☑ Other: FAILURE TO PROTECT

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

CENTURION HEALTHCARE IS A NATIONWIDE HEALTHCARE PROVIDER THAT PROVIDES IT'S HEALTHCARE SERVICES MOSTLY TO PRISONERS, CENTURION IS CONTRACTED WITH THE ARIZONA DEPARTMENT OF CORRECTIONS REHABILITATION AND REENTRY (HEREINAFTER. A.D.C.R.R) TO PROVIDE HEALTHCARE SERVICES TO PRISONERS CONFINED WITHIN A.D.C.R.R. THE HEALTH CARE SERVICES THAT CENTURION PROVIDES TO PRISONS AND PRISONERS THEREOF TO INCLUDE THE SAID SERVICES PROVIDED TO A.D.C.R.R AND IT'S PRISONERS IS BASED ON A LONG ESTABLISHED PRACTICE AND CUSTOM OF CENTURION WHICH STANDS AS:

No MATTER HOW SEVERE A PRISONER'S MEDICAL OR PSYCOLOGICAL INJURY AND/OR CONDITION MAY BE EMPLOYEES OF CENTURION TO INCLUDE CONTRACTED OUTSIDE MEDICAL PROFESSIONALS MUST PROVIDE THE CHEAPEST HEALTHCARE POSSIBLE WHICH IS GENERALLY RECOGNIZED AS HAVING THE FORCE OF LAW THAT IF SAID EMPLOYEES OR CONTRACTED OUTSIDE MEDICAL PROFESSIONALS DO NOT FOLLOW THEY AS WELL AS THEIR CONTRACTS WILL BE TERMINATED AND THUS LOSE ANY COMPENSATION THEY STOOD TO GAIN FROM THEIR (CONTINUED ON PAGES 4-C THROUGH 8-C)

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

SPECIFIC TO NAMED PLAINTIFF #1: DANIEL ALEXANDER RODRIGUEZ BY THE ACTIONS AND/OR INACTIONS OF DEFENDANTS CENTURION HEALTHCARE. WENDY ORM, M.D. AND R.N.A. WRIGHT EXPLAINED BY (CONTINUED ON PAGES 5-D TO 6-D).

5. **Administrative Remedies.**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☑ Yes    ☐ No

b. Did you submit a request for administrative relief on Count II?      ☑ Yes    ☐ No

c. Did you appeal your request for relief on Count II to the highest level?      ☑ Yes    ☐ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

4

1  • SUPPORTING FACTS OF COUNT II CONTINUED

2

3  EMPLOYMENT BY CENTURION HEALTHCARE.

4

5      DEFENDANTS CENTURION HEALTHCARE AND WENDY ORM,

6  M.D CENTURION'S STATEWIDE MEDICAL DIRECTOR HAVE KNOWN

7  ABOUT THE AIRBORNE PATHOGENIC DISEASE KNOWN AS COVID-

8  19 AFFECTING CITIZENS IN THE STATE OF ARIZONA SINCE

9  JANUARY, 2020 AND SINCE KNOWLEDGE OF SAID AIRBORNE

10  DISEASE TO THE DATE THIS COMPLAINT WAS FILED THEY

11  HAVE ABSOLUTELY FAILED TO PROTECT THE NAMED

12  PLAINTIFFS OR THE OVER 40,000 OTHER PRISONERS

13  SIMILARLY SITUATED THAT ARE SUBJECT TO THEIR

14  HEALTHCARE SERVICES WITHIN A.D.C.R.R FROM

15  CONTRACTING COVID-19.

16

17      A.D.C.R.R. BY AND THROUGH IT'S POLICIES WHICH

18  CENTURION MUST ADHERE TO AS WELL AS IT'S CONTRACTUAL

19  OBLIGATIONS SPECIFICALLY LAYS RESPONSIBILITY

20  ON CENTURION TO PROVIDE MEDICAL DIAGNOSIS, PREVENTION

21  AND TREATMENT OF SUSPECTED OR CONFIRMED COMMUNICABLE

22  DISEASES.

23

24      CENTURION HEALTHCARE AND WENDY ORM, M.D HAVE

25

26

27

28                    4-C

1 - SUPPORTING FACTS OF COUNT II CONTINUED

2

3 PROMULGATED, ENDORSED AND ENFORCED ABOVE EXPLAINED

4 CUSTOM ON ███ THEIR SUBORDINATE EMPLOYEES IN

5 RESPONSE TO COVID-19 AND THE HEALTHCARE SERVICES

6 PROVIDED IN RELATION TO COVID-19 TO THE NAMED

7 PLAINTIFFS AND OVER 40,000 OTHER PRISONERS SIMILARLY

8 SITUATED WHO ARE SUBJECT TO SAID HEALTHCARE

9 SERVICES. FURTHERMORE, SAID CUSTOM WHICH IS APPLIED

10 TO SAID SERVICES IS BEING DONE BY SAID DEFENDANTS

11 WILLFULLY WITH A KNOWLEDGE OF AND TOTAL DISREGARD

12 TO THE HARM THAT THE NAMED PLAINTIFFS AND OTHER

13 PRISONERS MENTIONED WOULD SUFFER BY ACTING IN

14 ACCORDANCE WITH SAID CUSTOM.

15

16    WENDY ORM FOR EXAMPLE AS CENTURION'S MEDICAL

17 DIRECTOR HAS FAILED TO PROPERLY OR ADEQUATELY PROTECT

18 THE NAMED PLAINTIFFS AND OVER 40,000 OTHER PRISONERS

19 SIMILARLY SITUATED BY FAILING TO ERADICATE

20 AFORESAID CUSTOM AND INSTEAD ENFORCING IT ON

21 HER SUBORDINATE EMPLOYEES, FAILING TO ENACT

22 ANY HEALTH SERVICES POLICY SPECIFIC TO COVID-19

23 AND BY FAILING TO PROPERLY OR ADEQUATELY TRAIN HER

24 SUBORDINATE EMPLOYEES BY NOT CREATING, ENFORCING OR

25

26

27

28                    5-██ C

1 • <u>SUPPORTING FACTS OF COUNT II CONTINUED</u>

2

3 TEACHING A CIRRICULM REGARDING THE COVID-19

4 VIRUS AND PROPER OR ADEQUATE PROTECTION THEREOF

5 WHICH IS IN HER AUTHORITY AND AREA OF RESPONSIBILITY

6 TO DO BUT <span style="background:black;color:white">SHE HAS</span> WILLFULLY AND KNOWINGLY NOT DONE.

7

8    AS A GLARING EXAMPLE OF THE USE OF AFORESAID

9 CUSTOM WE NOW TURN TO DEFENDANT A. WRIGHT A

10 REGISTERED NURSE EMPLOYEE OF CENTURION, SUBORDINATE

11 EMPLOYEE OF WENDY ORM AND WORKING AT A.D.C.R.R

12 EYMAN, RYNNING UNIT DURING THE FOLLOWING

13 RELEVANT DATES.

14

15    ON MARCH 30, 2020 NAMED PLAINTIFF DANIEL

16 A. RODRIGUEZ A.D.C.R.R # 242516 COMPLAINED VIA A

17 HEALTH NEEDS REQUEST OF HAVING A FEVER, BEING

18 CONSTANTly FATIGUED, COUGHING, LOSS OF HIS SENSE

19 OF SMELL AND TASTE. OUT OF THE FEAR OF HIS HEALTH

20 AND THE HEALTH AND WELL BEING OF THE PRISONERS

21 AND EMPLOYEES AT A.D.C.R.R. EYMAN, RYNNING UNIT

22 MR. RODRIGUEZ ALSO SPECIFICALLY REQUESTED ON SAID

23 H.N.R THAT HE NEEDED A COVID-19 DIAGNOSTIC

24 TEST.

25

26

27

28                6~ █ C

1    • SUPPORTING FACTS OF COUNT II CONTINUED

2

3      THEN ON MARCH 31, 2020 MR. RODRIGUEZ WAS
4  SEEN BY DEFENDANT A. WRIGHT; DURING THIS ENCOUNTER
5  MR. RODRIGUEZ ELABORATED UPON THE FEELINGS HE
6  STATED ON AFORESAID H.N.R AND HE REQUESTED
7  ████████ FROM A. WRIGHT TO BE TESTED FOR
8  COVID-19.

9

10     DEFENDANT A. WRIGHT RESPONDED TO MR. RODRIGUEZ'S
11 AFORESAID REQUEST THAT " CENTURION WILL NOT SPEND
12 THE MONEY TO GET YOU TESTED THEY ARE NOT EVEN ███
13 TESTING US THE BEST THING I CAN DO IS CHECK YOUR
14 VITALS "; MR. RODRIGUEZ WAS NOT REFFERED TO A
15 DOCTOR, HE WAS NOT PRECAUTIONARILY QUARANTINED,
16 HE WAS NOT TREATED AT ALL ONLY TOLD HE WAS FINE
17 AND TO GO BACK TO HIS HOUSING LOCATION BY A.
18 WRIGHT.

19

20     DEFENDANT A. WRIGHT KNOWINGLY AND WILLINGLY
21 WITH AN UTTER DISREGARD TO THE DANGER HE WAS
22 PLACING THE NAMED PLAINTIFFS AND OVER 800
23 OTHER PRISONERS SIMILARLY SITUATED AT A.D.C.R.R
24 EY MAN, RYNNING UNIT USED CENTURION'S CUSTOM ███
25
26
27
28                    7-C

1 • SUPPORTING FACTS OF COUNT II CONTINUED

3 ENFORCED BY WENDY ORM IN REGARDS TO PROVIDING
4 MR. RODRIGUEZ A VITALS CHECK THE CHEAPEST REMEDY
5 POSSIBLE AT THAT POINT AND FAILED TO PROTECT THE
6 NAMED PLAINTIFFS AND OVER 800 PRISONERS
7 SIMILARLY SITUATED AT A.D.C.R.R EYMAN, RUNNING
8 FROM A SERIOUS RISK TO THEIR PHYSICAL HEALTH:
9 COVID-19.

11    LASTLY, THERE IS CURRENTLY AN OUTBREAK OF COVID-19
12 AT A.D.C.R.R EYMAN, RUNNING UNIT AMONG STAFF AND
13 PRISONERS AND BECAUSE OF CENTURION'S ABOVE CUSTOM
14 ADEQUATE TESTING OF STAFF OR INMATES IS NOT
15 EVEN ATTEMPTING TO BE DONE.

8-C

1 • INJURY SECTION OF COUNT II CONTINUED

2     ABOVE SUPPORTING FACTS HAS SUFFERED AN

3 EXACERBATION OF CURRENT PHYSICAL INJURY OF

4 HYPERTENSION WHICH HAS CAUSED VARIOUS PHYSICAL

5 AILMENTS TO INCLUDE PANIC ATTACKS RESULTING IN

6 SLURRED SPEECH AND ON ONE OCCASION RECENTLY MR. RODRIGUEZ

7 FEARS HE SUFFERED A MINOR STROKE. MR. RODRIGUEZ HAS ALSO

8 SUFFERED AN EXACERBATION OF HIS CURRENT P.T.S.D CAUSING

9 HIM UNMEASURABLE AMOUNTS OF EMOTIONAL DISTRESS.

10

11     LASTLY, IF A PRELIMINARY INJUNCTION IS NOT ISSUED

12 AGAINST DEFENDANTS CENTURION HEALTHCARE AND WENDY

13 ORM MR. RODRIGUEZ WILL LIKELY SUFFER IRREPARABLE HARM.

14

15     MR. RODRIGUEZ SEEKS COMPENSATORY, PUNITIVE

16 AND INJUNCTIVE RELIEF AGAINST DEFENDANTS

17 CENTURION HEALTHCARE, WENDY ORM AND R.N. A.

18 WRIGHT TO BE SPECIFIED FURTHER IN RELIEF

19 PORTION OF THIS COMPLAINT.

20

21     ALL OTHER NAMED PLAINTIFFS SEEK PUNITIVE

22 AND INJUNCTIVE RELIEF AGAINST DEFENDANTS

23 CENTURION HEALTHCARE, WENDY ORM AND R.N. A.

24 WRIGHT FOR THE

25

26

27

28                    5-D

1  • INJURY SECTION OF COUNT II CONTINUED

2   UNMEASURABLE AMOUNT OF EMOTIONAL DISTRESS

3  THEIR ABOVE EXPLAINED ACTIONS AND/OR INACTIONS

4  HAVE CAUSED. TO BE SPECIFIED FURTHER IN RELIEF

5  PORTION OF THIS COMPLAINT.

6

7       FURTHERMORE, ALL OTHER PRISONERS

8  SIMILARLY SITUATED AT A.D.C. R.B EYMAN,

9  RUNNING UNIT AND THROUGHOUT A.D.C. R.B

10 SEEK INJUNCTIVE RELIEF AGAINST CENTURION

11 HEALTH CARE AND WENDY ORM, M.D TO PREVENT

12 SUFFERING IRREPARABLE HARM FROM THEIR

13 ACTIONS AND/OR INACTIONS EXPLAINED BY

14 ABOVE SUPPORTING FACTS.

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          6-D

## COUNT III

1. State the constitutional or other federal civil right that was violated: N/A

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

N/A

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). N/A

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III? ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

• RELIEF FOR COUNT I: NAMED PLAINTIFF #1 DANIEL ALEXANDER RODRIGUEZ SEEKS COMPENSATORY DAMAGES AGAINST DAVID SHINN IN THE AMOUNT OF $ 200,000 U.S. DOLLARS AND AGAINST WENDY ECCLES IN THE AMOUNT OF $ 200,000 U.S. DOLLARS; HE FURTHER SEEKS PUNITIVE DAMAGES AGAINST DAVID SHINN IN THE AMOUNT OF $ 200,000 U.S. DOLLARS AND AGAINST WENDY ECCLES IN THE AMOUNT OF $ 200,000 U.S. DOLLARS. (CONTINUED ON PAGES 6-C TO 12-C)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on JULY 13, 2020
DATE

SIGNATURE OF PLAINTIFF #1.
DANIEL ALEXANDER RODRIGUEZ.
*NOTE - THE OTHER 14 SIGNATURES OF NAMED PLAINTIFFS ARE ATTACHED HERETO ON PAGES 6-D TO 8-D. *NOTE.

DANIEL ALEXANDER RODRIGUEZ, PRISONER/PARALEGAL.
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

1  • REQUEST FOR RELIEF SECTION CONTINUED

2      LASTLY, MR. RODRIGUEZ SEEKS INJUNCTIVE RELIEF

3  AGAINST BOTH DEFENDANTS WENDY ECCLES AND DAVID

4  SHIN WHICH WILL BE SPECIFIED FURTHER WITHIN

5  MOTION FOR INJUNCTIVE RELIEF TO BE FILED WITH

6  THIS COMPLAINT.

7

8      NAMED PLAINTIFF #2 MICHAEL ROSS ▮▮▮▮▮▮▮ SEEKS

9  COMPENSATORY DAMAGES AGAINST DAVID SHINN IN THE

10  AMOUNT OF $100,000 U.S. DOLLARS AND AGAINST WENDY

11  ECCLES IN THE AMOUNT OF $100,000 U.S. DOLLARS; HE

12  FURTHER SEEKS PUNITIVE DAMAGES AGAINST DAVID

13  SHINN IN THE AMOUNT OF $100,000 U.S. DOLLARS AND

14  AGAINST WENDY ECCLES IN THE AMOUNT OF $100,000

15  U.S. DOLLARS.

16

17      LASTLY, MR. ROSS ▮▮▮▮▮ SEEKS INJUNCTIVE RELIEF

18  AGAINST BOTH DEFENDANTS WENDY ECCLES AND DAVID

19  SHINN WHICH WILL BE SPECIFIED FURTHER WITHIN

20  MOTION FOR INJUNCTIVE RELIEF TO BE FILED WITH

21  THIS COMPLAINT.

22

23      NAMED PLAINTIFF #3 MARK FORISTER SEEKS

24  COMPENSATORY DAMAGES AGAINST DAVID SHINN IN THE

25

26

27

28                      6-C

1. REQUEST FOR RELIEF SECTION CONTINUED

2.     AMOUNT OF $100,000 U.S. DOLLARS AND AGAINST

3. WENDY ECCLES IN THE AMOUNT OF $100,000 U.S. DOLLARS;

4. HE FURTHER SEEKS PUNITIVE DAMAGES AGAINST DAVID

5. SHINN IN THE AMOUNT OF $100,000 U.S. DOLLARS AND

6. AGAINST WENDY ECCLES IN THE AMOUNT OF $100,000

7. U.S. DOLLARS.

8.

9.     LASTLY, MR. FORISTER SEEKS INJUNCTIVE

10. RELIEF AGAINST BOTH DEFENDANTS WENDY ECCLES

11. AND DAVID SHINN WHICH WILL BE SPECIFIED FURTHER

12. WITHIN MOTION FOR INJUNCTIVE RELIEF TO BE

13. FILED WITH THIS COMPLAINT.

14.

15.     NAMED PLAINTIFF #4 DAVID MADA SEEKS

16. COMPENSATORY DAMAGES AGAINST DAVID SHINN IN THE

17. AMOUNT OF $100,000 U.S. DOLLARS AND AGAINST

18. WENDY ECCLES IN THE AMOUNT OF $100,000 U.S.

19. DOLLARS; HE FURTHER SEEKS PUNITIVE DAMAGES

20. AGAINST DAVID SHINN IN THE AMOUNT OF $100,000

21. U.S. DOLLARS AND AGAINST WENDY ECCLES IN THE

22. AMOUNT OF $100,000 U.S. DOLLARS.

23.

24.     LASTLY, MR. MADA SEEKS INJUNCTIVE

25. RELIEF AGAINST BOTH DEFENDANTS WENDY ECCLES

26.

27.

28.                    7-C

1 - REQUEST FOR RELIEF SECTION CONTINUED

2    AND DAVID SHINN WHICH WILL BE SPECIFIED

3 FURTHER WITHIN MOTION FOR INJUNCTIVE RELIEF

4 TO BE FILED WITH THIS COMPLAINT.

5

6        NAMED PLAINTIFF #5 ALVARO FELIX

7 SEEKS COMPENSATORY DAMAGES AGAINST DAVID

8 SHINN IN THE AMOUNT OF $100,000 U.S. DOLLARS

9 AND AGAINST WENDY ECCLES IN THE AMOUNT OF

10 $100,000 U.S. DOLLARS; HE FURTHER SEEKS PUNITIVE

11 DAMAGES AGAINST DAVID SHINN IN THE AMOUNT

12 OF $100,000 U.S. DOLLARS AND AGAINST WENDY ECCLES

13 IN THE AMOUNT OF $100,000 U.S. DOLLARS.

14

15        LASTLY, MR. FELIX SEEKS INJUNCTIVE

16 RELIEF AGAINST BOTH DEFENDANTS WENDY ECCLES

17 AND DAVID SHINN WHICH WILL BE SPECIFIED

18 FURTHER WITHIN MOTION FOR INJUNCTIVE

19 RELIEF TO BE FILED WITH THIS COMPLAINT.

20

21        NAMED PLAINTIFF #6 HOWARD COCHRAN

22 SEEKS COMPENSATORY DAMAGES AGAINST DAVID

23 SHINN IN THE AMOUNT OF $100,000 U.S. DOLLARS

24 AND AGAINST WENDY ECCLES IN THE AMOUNT OF

25

26

27

28                    8-C

1 • REQUEST FOR RELIEF SECTION CONTINUED

2    $100,000 U.S. DOLLARS; HE FURTHER SEEKS

3 PUNITIVE DAMAGES AGAINST DAVID SHINN IN THE

4 AMOUNT OF $100,000 U.S. DOLLARS AND AGAINST

5 WENDY ECCLES IN THE AMOUNT OF $100,000 U.S. DOLLARS.

6

7    LASTLY, MR. COCHRAN SEEKS INJUNCTIVE

8 RELIEF AGAINST BOTH DEFENDANTS WENDY ECCLES

9 AND DAVID SHINN WHICH WILL BE SPECIFIED

10 FURTHER WITHIN MOTION FOR INJUNCTIVE

11 RELIEF TO BE FILED WITH THIS COMPLAINT.

12

13    NAMED PLAINTIFF #7 GARRICK SOLOMON

14 SEEKS COMPENSATORY DAMAGES AGAINST DAVID

15 SHINN IN THE AMOUNT OF $100,000 U.S. DOLLARS

16 AND AGAINST WENDY ECCLES IN THE AMOUNT

17 OF $100,000 U.S. DOLLARS; HE FURTHER SEEKS

18 PUNITIVE DAMAGES AGAINST DAVID SHINN

19 IN THE AMOUNT OF $100,000 U.S. DOLLARS AND

20 AGAINST WENDY ECCLES IN THE AMOUNT OF

21 $100,000 U.S. DOLLARS.

22

23    LASTLY, MR. SOLOMON SEEKS INJUNCTIVE

24 RELIEF AGAINST BOTH DEFENDANTS WENDY ECCLES

25 AND DAVID SHINN WHICH WILL BE SPECIFIED

26

27

28                    9-C

1  • REQUEST FOR RELIEF SECTION CONTINUED

2     FURTHER WITHIN MOTION FOR INJUNCTIVE

3  RELIEF TO BE FILED WITH THIS COMPLAINT.

4

5     SPECIFIC TO NAMED PLAINTIFFS #'s 8

6  THROUGH 15 EACH OF THOSE PLAINTIFFS' SEEK

7  $50,000 DOLLARS U.S. EACH AGAINST DEFENDANT

8  DAVID SHINN AND WENDY ECCLES IN THE FORM

9  OF PUNITIVE DAMAGES. TO BE CLEAR, EACH INDIVIDUAL

10 PLAINTIFF FROM #8 TO #15 SEEKS $25,000 U.S.

11 DOLLARS FROM DEFENDANT DAVID SHINN AND $

12 25,000 U.S. DOLLARS FROM DEFENDANT WENDY

13 ECCLES FOR A TOTAL OF $50,000 U.S. DOLLARS FOR

14 EACH PLAINTIFF.

15

16     NAMED PLAINTIFFS #8 TO #15 ALSO

17 SEEK INJUNCTIVE RELIEF AGAINST BOTH

18 DEFENDANTS DAVID SHINN AND WENDY ECCLES

19 TO BE FURTHER SPECIFIED WITHIN MOTION

20 FOR INJUNCTIVE RELIEF TO BE FILED WITH

21 THIS COMPLAINT.

22

23 • RELIEF FOR COUNT II:

24     NAMED PLAINTIFF #1 DANIEL ALEXANDER

25

26

27

28                    10-C

1  • REQUEST FOR RELIEF SECTION CONTINUED

2      RODRIGUEZ SEEKS COMPENSATORY DAMAGES

3  AGAINST CENTURION HEALTHCARE IN THE AMOUNT

4  OF $500,000 U.S. DOLLARS, AGAINST WENDY

5  ORM, M.D IN THE AMOUNT OF $250,000 U.S. DOLLARS

6  AND AGAINST R.N. A. WRIGHT IN THE AMOUNT OF

7  $250,000 U.S. DOLLARS; HE FURTHER SEEKS PUNITIVE

8  DAMAGES AGAINST CENTURION HEALTHCARE IN THE

9  AMOUNT OF $500,000 U.S. DOLLARS, AGAINST WENDY

10 ORM, M.D IN THE AMOUNT OF $250,000 U.S. DOLLARS

11 AND AGAINST R.N. A. WRIGHT IN THE AMOUNT

12 OF $250,000 U.S. DOLLARS.

13

14      LASTLY, MR. RODRIGUEZ SEEKS INJUNCTIVE

15 RELIEF AGAINST DEFENDANTS CENTURION HEALTHCARE

16 AND WENDY, ORM, M.D WHICH WILL BE SPECIFIED

17 FURTHER WITHIN MOTION FOR INJUNCTIVE RELIEF

18 TO BE FILED WITH THIS COMPLAINT.

19

20      SPECIFIC TO NAMED PLAINTIFFS #'S 2

21 THROUGH 15 EACH OF THESE INDIVIDUAL NAMED

22 PLAINTIFF'S SEEKS PUNITIVE DAMAGES AGAINST

23 CENTURION HEALTHCARE IN THE AMOUNT OF $25,000

24 U.S. DOLLARS, AGAINST WENDY ORM, M.D IN THE

25 AMOUNT OF $25,000 U.S. DOLLARS AND AGAINST

26

27

28                    11-C

1. • REQUEST FOR RELIEF SECTION CONTINUED

2. R.N. A. WRIGHT IN THE AMOUNT OF $25,000

3. U.S. DOLLARS.

4.

5.     ALL NAMED PLAINTIFFS ALSO SEEK INJUNCTIVE

6. RELIEF AGAINST DEFENDANTS CENTURION HEALTHCARE

7. AND WENDY ORM, M.D. WHICH WILL BE SPECIFIED

8. FURTHER WITHIN MOTION FOR INJUNCTIVE RELIEF

9. TO BE FILED WITH THIS COMPLAINT.

10.

11.     FURTHERMORE, IN REGARDS TO COUNT

12. I AND II OF THIS COMPLAINT ALL OTHER

13. PRISONERS SIMILARLY SITUATED AT A.D.C.R.R

14. EYMAN, RUNNING UNIT AND THROUGHOUT A.D.C.R.R

15. SEEK INJUNCTIVE RELIEF AGAINST DEFENDANTS

16. DAVID SHINN, WENDY ECCLES, CENTURION

17. HEALTHCARE AND WENDY ORM, M.D. TO BE

18. SPECIFIED FURTHER WITHIN MOTION

19. FOR INJUNCTIVE RELIEF TO BE FILED

20. WITH THIS COMPLAINT.

21.

22.

23.

24.

25.

26.

27.

28.                    12-C

1  • SIGNATURE OF PLAINTIFF SECTION CONTINUED

2      THE FOLLOWING NAMED PLAINTIFFS DECLARE

3  UNDER THE PENALTY OF PERJURY THAT THE FOREGOING

4  IS TRUE AND CORRECT.

5

6  • NAMED PLAINTIFF #2: _____
                            MICHAEL ROSS.
7

8  • EXECUTED ON: July 13, 2020
                        DATE.
9

10  • NAMED PLAINTIFF #3: _____
                             MARK FORISTER.
11

12  • EXECUTED ON: JULY 13, 2020
                         DATE.
13

14  • NAMED PLAINTIFF #4: _____
                             DAVID MADA.
15

16  • EXECUTED ON: July 13 - 2020
                        DATE.
17

18  • NAMED PLAINTIFF #5: _____
                             ALVARO FELIX.
19

20  • EXECUTED ON: July 13, 2020
                        DATE.
21

22  • NAMED PLAINTIFF #6: Howard Cochran
                             HOWARD COCHRAN.
23

24  • EXECUTED ON: July 13, 2020
                        DATE.
25

26

27

28                        6 - D

1 • SIGNATURE OF PLAINTIFF SECTION CONTINUED

3 • NAMED PLAINTIFF #7: Mr. Salomon
GARRICK SOLOMON.

5 • EXECUTED ON: July 13, 2020
DATE.

7 • NAMED PLAINTIFF #8: E. Walker
ERNEST WALKER.

9 • EXECUTED ON: JULY 13, 2020
DATE.

11 • NAMED PLAINTIFF #9: R. D___
RASHAUN DAWKINS.

13 • EXECUTED ON: JULY 13, 2020
DATE.

15 • NAMED PLAINTIFF #10: _____
ANOTHONY PRETTC.

17 • EXECUTED ON: July 13, 2020
DATE.

19 • NAMED PLAINTIFF #11: Kenny Moore
KENNETH MOORE.

21 • EXECUTED ON: July 13, 2020
DATE.

23 • NAMED PLAINTIFF #12: _____
MATTHEW NELSON.

25 • EXECUTED ON: JULY 13, 2020
DATE.

7-D

1 • SIGNATURE OF PLAINTIFF SECTION CONTINUED

2

3 • NAMED PLAINTIFF #13: _____
                           BRYAN LECATES.

4

5 • EXECUTED ON: July 13 / 20
                          DATE.

6

7 • NAMED PLAINTIFF #14: _____
                           JOSEPH WOODARD.

8

9 • EXECUTED ON: July 13 2020
                          DATE.

10

11 • NAMED PLAINTIFF #15: _____
                           FREDDIS WILLIAMS.

12

13 • EXECUTED ON: July 13 2020
                          DATE.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8-D